IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

AL M WILLIAMS
        PLAINTIFF

CASE NO: U.S.D.C. 4:13-CV-00582

PULASKI COUNTY JAIL, et al.
        DEFENDANTS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 21 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I.    **INTRODUCTION**

A.  **SUMMARY JUDGMENT STANDARD**

**Rule 56** provides that a court may grant summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." **See Federal Rules of Civil Procedure 56(c).** A party seeking summary judgment must show the absence of a genuine issue of material fact. See **Celotex Corp v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 265(1865), and Anderson v. Liberty Lobby, Inc  477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202**. If the non-moving party cannot show by "specific" facts confirming that a genuine issue exists for trial, summary judgment is appropriate and may be granted. See **Celotex**

**DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED**

In *Estelle v. Gamble,* the Supreme Court held that the Eighth Amendment's proscription of cruel and unusual punishments forbids jail officials to be deliberately indifferent to inmates' serious medical needs because such indifference is itself cruel and unusual punishment. 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Pretrial detainees also have a right to be free from jail officials' deliberate indifference to their serious medical needs. *Hare,* 74 F.3d at 643. This right springs from both procedural and substantive due process and is at least as great as that mandated by the Eighth Amendment. *Id.; see also Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). To establish a violation of this right, an inmate must show that he or she was subjected to a substantial risk of serious harm. The inmate must also prove that the jail official was subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and then actually drew such an inference. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Harris v. Hegmann,* 198 F.3d 153, 159 (5th Cir. 1999). Finally, the inmate must establish that the jail official's response to the perceived risk of harm shows that official's deliberate indifference. *Farmer,* 511 U.S. at 844-45, 114 S.Ct. 1970.



## II. ANALYSIS OF FACT

When the plaintiff entered the Pulaski County Detention Center, he did not have any of his prescribed medication, which include insulin, blood pressure, and heart medication, anti-seizure medication. The defendants failed to provide these medications including Dilantin. As a result the plaintiff suffered seizures among other complications. This type of disregard is both appalling and shocks the conscious of a civilized society.

## II. CONCLUSION

WHEREFORE, there are no material facts left indispute in regards to the plaintiffs deliberate indifference claims, and a judgment should be entered, as a matter of law, in favor of the plaintiff. All relief should be granted accordingly under these premises and the plaintiff hereby respectfully requests this Honorable Court to do so. IT IS SO PRAYED.

Respectfully submitted,

2-17-14

Al M.Wiliams
3930 Accent DR # 2226
Dallas, TX 75287
214-414-6371



CERTICATE OF SERVICE

On this 17th day a copy of this pleading was sent to Fuqua Law Firm